ROSENFELD v. WERNER.

(Supreme Court, Appellate Term. December 22, 1911.)

1. TROVER AND CONVERSION (§ 40*)—EVIDENCE—SUFFICIENCY.
   In an action for the conversion of the proceeds of a note, which plaintiff claimed defendant was to have discounted and to deliver to him, evidence *held* insufficient to show either a discount of the note or a conversion of the proceeds.
   [Ed. Note.—For other cases, see Trover and Conversion, Dec. Dig. § 40.*]

.2. APPEAL AND ERROR (§ 994*)—REVIEW—FINDINGS—CONCLUSIVENESS—CREDIBILITY OF WITNESSES.
   The determination of the credibility of witnesses is a matter for the trial court sitting as a jury, and not for the appellate court.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3901–3906; Dec. Dig. § 994.*]

Appeal from Municipal Court, Borough of The Bronx, Second District.

Action by Samuel D. Rosenfeld against Louis Werner. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

A. Abraham Sarafan (Joseph J. Schwartz, of counsel), for appellant.

Willoughby B. Dobbs, for respondent.

LEHMAN, J. [1] The plaintiff has recovered a judgment against the defendant in an action wherein the complaint alleges that plaintiff delivered to the defendant a note made to the plaintiff's order by the St. Paul Construction Company upon the representation and promise of defendant that he would have the said note discounted, and would give the proceeds thereof to the plaintiff; that thereafter the defendant discounted the note, and converted the proceeds to his own personal use and profits.

At the trial the plaintiff testified that he received two notes from the St. Paul Construction Company of $500 each; that the defendant promised to cash one of the notes and deliver the proceeds to·

him; that he indorsed his name and delivered the note to the defendant for discount; that thereafter he frequently asked the defendant for the money, but defendant failed to pay it, and asked for more time. He testified on cross-examination that the other note was discounted by his brother-in-law, and paid by the St. Paul Construction Company after suit. The plaintiff also produced two brothers named Pellowitz, who stated that they were officers of the St. Paul Construction Company, together with the defendant, and corroborated the plaintiff in every particular. They heard the defendant promise to discount one of the two notes which the construction company gave plaintiff, and they also testify that the company paid one note after suit. These witnesses were evidently friendly to the plaintiff, if not actually hostile to the defendant, with whom they had formerly been in business.

The defendant denied that he ever received a note for discount, but says that he did receive from the plaintiff a note for $500 of the St. Paul Construction Company made out to plaintiff's order; that this note was given him in payment of an old indebtedness. At the time of its delivery, it was unindorsed, but plaintiff promised to indorse it thereafter, and failed to carry out his promise. He introduced in evidence an unindorsed note signed by the St. Paul Construction Company by Davis Pellowitz, treasurer, to the order of Samuel D. Rosenfeld, dated March 17, 1909. Upon these facts the trial justice gave judgment for the plaintiff.

[2] The trial justice, and not the Appellate Court, must determine the credibility of the witnesses, but in this case the plaintiff, to sustain his cause of action, must show that the defendant has discounted the note and converted the proceeds, and there is not a scintilla of evidence that any note belonging to the plaintiff was ever discounted or any proceeds received by defendant. On the contrary, it affirmatively appears that the plaintiff received from the construction company two notes; that the company has paid only one of these notes, and the plaintiff himself discounted this note; and that there is another note outstanding made by the company to this plaintiff's order which could not be discounted because unindorsed. If this note is not the second note received by the plaintiff, and the proceeds of which are claimed to have been converted by defendant, then its existence should have been explained by Davis Pellowitz, who was in court as a witness for plaintiff. If it is that note, then it affirmatively appears that defendant could not have discounted it, and converted its proceeds.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.